Shireen A. Barday
shireen.barday@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STUART FORCE, *et al.*, | ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) Case No.:   1:16-cv-5490 (LAK) <br> ) |
| FACEBOOK, INC., | ) <br> ) |
| Defendant. | ) <br> ) |

**MEMORANDUM OF LAW IN**
**SUPPORT OF JOINT MOTION TO TRANSFER**

Pursuant to 28 U.S.C. § 1404(a),[1] the parties jointly move to transfer this action to the United States District Court for the Eastern District of New York in Brooklyn, New York. In support of this motion, the parties respectfully state as follows:

1.  Section 1404(a) affords this Court discretion, "[f]or the convenience of parties and witnesses, in the interest of justice" to "transfer any civil action … to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In applying this provision, courts consider multiple factors, including "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof,

---

[1] This motion is presented only under 28 U.S.C. § 1404(a). Facebook reserves all rights to present a motion raising any applicable defenses under Federal Rule of Civil Procedure 12(b) by the deadline for filing a responsive pleading in this matter.

(4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006) (internal quotation marks omitted).

2.     But "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Id.* at 106.

3.     This "first to file rule embodies considerations of judicial administration and conservation of resources." *First City Nat'l Bank & Trust v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989). It is intended to "avoid duplication of judicial effort, avoid vexatious litigation in multiple forums, achieve comprehensive disposition of litigation among parties over related issues, and eliminate the risk of inconsistent adjudication." *Marshak v. Reed*, No. 01-7151, 2001 WL 668656, at *2 (2d Cir. 2001).

4.     Pending before the Eastern District of New York is a complaint contending that Facebook is liable for various claims arising out of the alleged use of Facebook's online platform and social networking service by alleged Palestinian terrorists. *See Cohen v. Facebook, Inc.*, Case No. 16-cv-04453 (NGG). The asserted claims include negligence, breach of statutory duty, and vicarious liability under Israeli law.

5.     This case likewise involves contentions that Facebook is liable for various claims arising out of the use of Facebook's online platform and social networking services by alleged Palestinian terrorists—in this case, HAMAS and its affiliates. Although this case involves claims for damages under the Anti-Terrorism Act, 18 U.S.C. § 2331 *et seq.*, and the *Cohen* case seeks only an injunction, the facts and circumstances underlying the two cases are similar.

Moreover, the complaints in both cases assert claims for negligence, breach of statutory duty, and vicarious liability under Israeli law.

6. The parties anticipate that the cases will involve closely related legal issues, including whether New York courts have personal jurisdiction over Facebook and the applicability of the Communications Decency Act, 47 U.S.C. § 230(c).

7. Given the substantial overlap between the two cases, considerations of judicial efficiency and the conservation of resources weigh in favor of adjudication by the same court, which will "avoid duplication of judicial effort" and "eliminate the risk of inconsistent adjudication." *See Marshak*, 2001 WL 66856, at *2.

8. *Cohen* has priority under the first-filed rule. *See Manufacturers Hanover Trust Co. v. Palmer Corp.*, 798 F. Supp. 161, 166 (S.D.N.Y. 1992). *Cohen* was filed in the Supreme Court of the State of New York, County of Kings, on October 26, 2015, and later removed to the Eastern District of New York. *See* Ex. A, Notice of Removal, Case No. 16-cv-04453 (NGG)[2]. This case was not filed until July 10, 2016—more than eight months after *Cohen*.

9. The parties agree that no special circumstances warrant deviating from the first-filed rule and that the balance of convenience does not tip against its application here, particularly given the plaintiffs' consent to transfer and the presence of their counsel in the Eastern District of New York.

10. For all of these reasons, the parties respectfully request that this Court transfer the pending action for adjudication in coordination with *Cohen* in the Eastern District of New York.

---

[2]   A true and correct copy of the Notice of Removal is attached as Exhibit A to the Declaration of Shireen Barday, filed concurrently herewith.

| | |
|---|---|
| Dated: September 9, 2016 | Respectfully submitted, |
| | By: /s/ *Shireen A. Barday* |
| Robert J. Tolchin | Shireen A. Barday |
| THE BERKMAN LAW OFFICE, LLC | KIRKLAND & ELLIS LLP |
| 111 Livingston Street, Suite 1928 | 601 Lexington Avenue |
| Brooklyn, NY 11201 | New York, NY  10022 |
| Telephone: (718) 855-3627 | Telephone: (212) 446-4800 |
| rtolchin@berkmanlaw.com | Facsimile: (212) 446-4900 |
| | shireen.barday@kirkland.com |
| *Attorney for Plaintiffs* | *Attorney for Defendant* |